**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Kimberly R. Arnal, Esq. (SBN 200448)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation<br><br>Plaintiff,<br><br>v.<br><br>CRITCHFIELD MECHANICAL, INC., a California Corporation; OLD REPUBLIC GENERAL INSURANCE CORPORATION, an Illinois Corporation; INDIAN HARBOR INSURANCE COMPANY, a Delaware corporation; and DOES 1 through 10 inclusive, | Case No.:<br><br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S COMPLAINT FOR:**<br><br>1) **DECLARATORY RELIEF;**<br>2) **EQUITABLE REIMBURSEMENT; AND**<br>3) **EQUITABLE CONTRIBUTION** |

Comes now Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and pleads the following allegations on information and belief in support of its complaint herein:

**JURISDICTION**

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant CRITCHFIELD MECHANICAL, INC. ("CMI") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California. Plaintiff is informed and believes and thereon alleges that CMI is a mechanical contractor specializing in the design, fabrication and installation of heating, ventilation and air conditioning ("HVAC") systems.

3. Plaintiff is informed and believes and thereon alleges that Defendant INDIAN HARBOR INSURANCE COMPANY ("INDIAN HARBOR") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiff is informed and believes and thereon alleges that INDIAN HARBOR is a corporation that specializes in property and casualty insurance and professional liability insurance.

4. Plaintiff is informed and believes and thereon alleges that Defendant OLD REPUBLIC GENERAL INSURANCE CORPORATION ("OLD REPUBLIC") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Mount Pleasant, Pennsylvania. Plaintiff is informed and believes and thereon alleges that OLD REPUBLIC is a corporation that specializes in property and casualty insurance.

5. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE Defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon

alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

6. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $320,000, and represents attorneys fees, costs and indemnity sought by DEFENDANTS in connection with CMI's defense and/or indemnification in the action currently pending in San Francisco County Superior Court, Case No. CGC-18-563971, entitled *CDC San Francisco LLC v. Critchfield Mechanical, Inc. et al.* (the "Underlying Action") as well as additional sums sought by Plaintiff TRAVELERS as reimbursement of all monies paid to date on behalf of CMI in the Underlying Action.

## VENUE

7. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

**A.    The Relevant Insurance Policies**

8. TRAVELERS issued the following commercial general liability policies to CMI:

| **Policy Number** | **Policy Period** |
|---|---|
| CO-5861C358 | 12/1/2006-12/1/2007 |
| CO-5861C358 | 12/1/2007-12/1/2008 |
| CO-5861C358 | 12/1/2008-12/1/2009 |

The above reference policies are collectively referred to as the "Travelers Policies".

9. The Travelers Policies contain Commercial General Liability Form CG 00 01 10 01, which provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

10. Under the terms of the Travelers Policies, Plaintiff has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

11. OLD REPUBLIC issued the following commercial general liability policies to CMI:

| **Policy Number** | **Policy Period** |
|---|---|
| A-ICG-019511-00 | 12/1/11-12/1/12 |
| A-ICG-019512-01 | 12/1/12-12/1/13 |
| A-ICG-019513-02 | 12/1/13-12/1/14 |
| A-ICG-019514-03 | 12/1/14-12/1/15 |

| | |
|---|---|
| A-ICG-019515-04 | 12/1/15-12/1/16 |
| A-ICG-019516-05 | 12/1/16-12/1/17 |
| A-ICG-019517-06 | 12/1/17-12/1/18 |
| A-ICG-019518-07 | 12/1/18-12/1/19 |

The above reference policies are collectively referred to as the "Old Republic Policies".

12. The Old Republic Policies contain Commercial General Liability Form CG 00 01 12 07, which provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

13. Under the terms of the Old Republic Policies, Old Republic has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period.

14. INDIAN HARBOR issued the following professional activities insurance policy to CMI:

///

| **Policy Number** | **Policy Period** |
|---|---|
| CEO744653101 | 12/1/17-12/1/18 |

The above reference policies are collectively referred to as the "Indian Harbor Policy". Under the terms of the Indian Harbor Policy, INDIAN HARBOR has an obligation to defend ay claims arising out of CMI's professional activities and duties.

### B. The Renovation Project

15. The Underlying Action arises out of the renovation of the Intercontinental San Francisco Hotel, a 33-story, high rise luxury hotel located at 888 Howard Street, San Francisco, California. (the "Subject Property").

16. Plaintiff is informed and believes and thereon alleges that on September 1, 2006, CMI entered into a subcontract with Webcor Construction, Inc., the general contractor on the renovation project, to renovate the Subject Property's HVAC systems.

17. The HVAC system for the Subject Property consists of several different systems. The guestrooms are conditioned with a 4-pipe fan coil system that utilizes water from the chillers and boilers at the roof level. The chillers are water cooled by a large cooling tower at the roof level as well. The public levels, on the other hand, are conditioned with a variable air volume (VAV) reheat system that consists of chilled water VAV air handling units on each floor. In addition, the HVAC system included vertically-oriented hot water supply and return piping systems called risers.

18. Plaintiff is informed and believes and thereon alleges that the HVAC system at Subject Property performed adequately until 2016, which is over six years after the expiration of the coverage period of the Travelers' Policies, when employees at the hotel observed a water leak in the hot water supply riser on the 21st floor of the Subject Property.

///

### C. The Underlying Litigation

19. Due to this initial leak on the 21st floor in 2016, the owners of the Subject Property filed a lawsuit entitled *CDC San Francisco, LLC v. Critchfield Mechanical, Inc. et al.* on January 30, 2018 (the "Underlying Action"). In the complaint, CDC San Francisco, LLC alleges causes of action against CMI for (1) Breach of Intended Third Party Beneficiary Contract; (2) Negligence; (3) Negligent Errors and Omissions in Design Professional Services; and (4) Negligent Interference with Prospective Economic Advantage.

20. The defense of CMI in the Underlying Action was tendered to TRAVELERS and TRAVELERS agreed to fully defend CMI with regard to the Underlying Action, subject to a reservation of rights. TRAVELERS specifically reserved the right to issue a partial or complete declination of coverage and withdraw from its participation in the defense should it be determined that coverage does not apply to some or all of the asserted claims. TRAVELERS further reserved the right to seek reimbursement of any defense related payments with respect to claims not potentially covered by the policy.

21. OLD REPUBLIC and INDIAN HARBOR (hereinafter collectively referred to as the "DEFENDANT INSURERS") are also currently participating in the defense of CMI.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiff Against CMI and the DEFENDANT INSURERS)

22. TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

23. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and CMI and the DEFENDANT INSURERS on the other, concerning TRAVELERS' rights, duties, and obligations under the Travelers Policies.

24. Specifically, TRAVELERS contends and is informed and believes that CMI and the DEFENDANT INSURERS dispute the following:

    a. TRAVELERS has no obligation to defend CMI in the Underlying Action because the alleged damages occurred six years after the coverage period of the Travelers Policies had expired;

    b. TRAVELERS has no obligation to indemnify CMI in the Underlying Action because the alleged damages occurred six years after the coverage period of the Travelers Policies had expired.

25. Travelers asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations as between TRAVELERS and CMI and the DEFENDANT INSURERS under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT
### (By TRAVELERS Against Defendant CMI)

26. TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

27. TRAVELERS has paid and will pay certain defense fees and defense costs incurred on behalf of CMI in connection with the defense of CMI in the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed to participate in the defense of CMI, it specifically reserved its rights to seek reimbursement from CMI of any defense related payments that TRAVELERS may make that are not potentially covered under the Travelers Policies.

28. The Travelers Policies require that TRAVELERS defend only those claims that are potentially covered under its policy(ies). To the extent that TRAVELERS pays fees, or costs incurred by or on behalf of CMI in connection with the Underlying Action, which fees or costs are not potentially covered under the

Travelers Policies, CMI will have been unjustly enriched by such payments.

29. As a result of CMI's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under the Travelers Policies, plus interest. The precise amount of reimbursement that is appropriate will be subject to proof at trial, but the current defense expense is over $320,000.

## THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
## (By TRAVELERS Against the DEFENDANT INSURERS)

30. TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

31. TRAVELERS has agreed to defend CMI in the Underlying Action pursuant to the terms and conditions of the policies of insurance issued by TRAVELERS respectively, and subject to a reservation of its rights.

32. TRAVELERS is informed and believes and thereon alleges the policy(ies) issued by DEFENDANT INSURERS provide liability insurance to CMI, designating CMI as a named insured thereon as to the Underlying Action, respectively. TRAVELERS are further informed and believe and thereon allege the allegations made, pleaded or otherwise asserted against CMI in the Underlying Action, if true, set forth claims for damages potentially covered under the policies issued by DEFENDANT INSURERS.

33. As such, DEFENDANT INSURERS, and each of them, are obligated to defend CMI in the Underlying Action by reason of their respective underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under their respective policies.

34. All conditions precedent to the obligations of DEFENDANT INSURERS under their respective policies of insurance have been satisfied, waived,

and/or excused. The obligations of DEFENDANT INSURERS to defend CMI is currently due and owing.

35. DEFENDANT INSURERS, and each of them have to date failed to contribute their full and equitable share toward the cost of defending CMI which have been incurred and which are being incurred in connection with the Underlying Action.

36. By reason of the failure of DEFENDANT INSURERS to discharge their obligations and equitably participate in the defense of CMI, TRAVELERS has incurred and/or paid, and will incur and/or pay, more costs than it would have had DEFENDANT INSURERS agreed to defend and/or contribute a full and equitable share to the defense of CMI in the Underlying Action in performance of their due and owing obligations under their respective insurance policies.

37. The failure of DEFENDANT INSURERS to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that TRAVELERS is paying and has paid more than its equitable share of the costs of defending CMI in the Underlying Action.

38. Because of their wrongful failure to discharge their obligations under their respective policies of insurance, Plaintiff is entitled to an award of equitable contribution, to reimburse it for costs equivalent to the fair and equitable proportionate share of DEFENDANT INSURERS of the total costs of defense incurred in connection with the claims against CMI in the Underlying Action, with interest thereon at the prescribed legal rate.

## **PRAYER FOR RELIEF**

TRAVELERS respectfully prays for judgment, as follows:

1. For a judicial declaration that (1) TRAVELERS has no obligation to defend CMI in the Underlying Action because the alleged damages occurred six years after the coverage period of the Travelers Policies had expired; (2) TRAVELERS has no obligation to indemnify CMI in the Underlying Action because

the alleged damages occurred six years after the coverage period of the Travelers Policies had expired;

    2.    For monetary damages from CMI and DEFENDANT INSURERS and DOES 1 through 10 for general damages and specific damages, in an amount subject to proof;

    3.    For prejudgment interest;

    4.    For costs of suit herein;

    5.    For such other and further relief as this Court deems just and proper.

Dated:  December 14, 2020    **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA